IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NICHOLAS S. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-02827-JTF-cgc |
| v. ) | |
| ) | |
| KILILO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

On December 5, 2022, Claimant Nicholas Bryant filed a Complaint seeking judicial review of a Social Security disability benefits decision. (ECF No. 1.) Bryant seeks to appeal a final decision of the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-34. Bryant filed his brief in support, styled as a "Motion for Summary Judgment," on March 17, 2023. (ECF No. 10.) The Commissioner responded on May 11, 2023. (ECF No. 16.) For the reasons below, the decision of the Commissioner is **AFFIRMED**.

I.     **FACTUAL BACKGROUND**

Bryant filed for Social Security Disability Insurance benefits on December 19, 2019, alleging disability beginning on September 13, 2019. (ECF No. 9, 20.) His claim was initially denied on June 24, 2020, and again upon reconsideration on February 26, 2021. (*Id.*) Bryant then requested a hearing, which was held by telephone on September 29, 2021. (*Id.*)

After this hearing, the ALJ applied the five-step analysis to determine whether Bryant was disabled under the meaning of the Act. At the first step, the ALJ determined that Bryant had not engaged in any substantial gainful activity since September 13, 2019. (*Id.* at 22.) Bryant had worked after the alleged onset date, but the earnings did not rise to the level of substantial gainful activity. (*Id.*) At the second step, the ALJ found that Bryant had the following severe impairments: "schizoaffective disorder and substance addiction disorder." (*Id.* at 23.)

At the third step, the ALJ concluded that Bryant's existing impairments did not meet or medically equal, either alone or in the aggregate, the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (ECF No. 9, 23.) Before proceeding to step four, the ALJ was required to determine Bryant's residual functional capacity ("RFC"), or his "ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." (*Id.* at 22.) The ALJ considered Bryant's physical examination records, reported symptoms, and medical opinions. (*Id.* at 19-24.) On appeal, Bryant takes issue with the ALJ's ultimate RFC determination for not properly explaining its reasoning for omitting a "superficial interaction" limitation recommended by one of the State Agency psychological consultants. (ECF No. 11, 1.)

Bryant points to the issued recommendations of two State Agency psychological consultants: Dr. Robert Paul and Dr. R. Warren. At the initial consideration level, Dr. Paul reviewed Bryant's records and history to inform his opinion of whether Bryant was disabled or not. Relevantly, Dr. Paul noted that:

> [Bryant] can interact and get along adequately with general public, co-workers and supervisors for purposes of task completion; however, appears better suited for thing – vs people – oriented type work; interactions with supervisors and coworkers should be brief, superficial and task-focused; direct contact with general public should be no more than occasional.

(ECF No. 9, 72.) Later, after initial denial but upon reconsideration, Bryant's file was examined by Dr. R. Warren, who seems to have adopted Dr. Paul's findings regarding Bryant's interaction

with people in the workplace. (*Id.* at 98.) The ALJ considered these opinions when determining Bryant's RFC and found them "partially persuasive, as they were rendered by mental professionals who have program knowledge and access to the case record and considered his psychological impairments and associated limitations." (*Id.* at 28.) The ALJ's last words regarding the opinions were as follows:

> However, given the nature of the claimant's impairment, and taking his substance use into consideration, the undersigned finds he is slightly more impaired than the consultants found. The treatment notes indicate that the claimant, while generally stable with medication, continued to experience some anxiety. For this reason, the undersigned finds he would be limited to simple routine tasks as opposed to simple and detailed tasks.

(*Id.*) After considering these opinions and all other evidence in the record, the ALJ issued his ultimate RFC determination:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to jobs involving simple and routine tasks where changes in the workplace setting would be infrequent and gradually introduced and can have occasional interaction with supervisors, coworkers, and the general public.

(*Id.* at 21.) With this done, the ALJ moved to step four, where he determined that Bryant was unable to perform any past relevant work with his current RFC, based in part on the testimony of a vocational expert ("VE").

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Bryant could perform. (ECF No. 9, 29.) The VE's testimony again informed the ALJ's decision. The VE testified that

> given all of these factors [Bryant] would be able to perform the requirements of representative occupations such as checker for bakery products, DOT #222.487-010, which is heavy unskilled work SVP 2 with 175,640 jobs in the national economy; cleaner industrial, DOT #381.687-018, medium unskilled work SVP 2 with 27,800 jobs nationally; and hand packer, DOT #920.587-018, medium unskilled work SVP 2 with 109,828 jobs nationally.

(*Id.*) With this determined, the ALJ found that Bryant had not been under a disability, as defined by the Act since his alleged onset date, and consequently denied benefits. (*Id.*)

The ALJ published his decision on October 22, 2021. (ECF No. 9, 31.) Bryant appealed this decision to the Appeals Council, which denied review on October 6, 2022. (*Id*. at 6.) Bryant then filed the present appeal on December 5, 2022, arguing that the ALJ failed to adequately explain his reasoning behind not including a limitation to "superficial interactions" in Bryant's RFC. (ECF No. 11.)

## II. LEGAL STANDARD

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. *Id.*; *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 745 (6th Cir. 2018); *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (quoting *Garner*

*v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (quoting *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). For a decision to be supported by substantial evidence, "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of [their] reasoning.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

### III.  LEGAL ANALYSIS

Bryant makes one argument in his brief. He argues that the ALJ's RFC determination does not contain a logical path of reasoning because "the ALJ failed to provide adequate reasoning explaining why some of the State Agency psychologists' opinions were included in the residual functional capacity and others were not." (ECF No. 11, 6.) Bryant states that the ALJ never explained why, despite finding him *more* impaired than the State Agency psychologists, his RFC included only a limitation to "occasional interactions" and omitted Dr. Paul's recommendation of a limitation to "superficial interactions." (*Id.* at 8.) Bryant argues that "occasional" refers to the quantity of interactions while "superficial" refers to the quality, or perhaps depth, of those interactions. (*Id.*) He asserts that by not explaining why the ALJ adopted one recommendation and

not the other, the ALJ 's opinion fails to adequately explain its reasoning regarding Dr. Paul's review. The Commissioner argues that the distinction between occasional and superficial is not so legally effective, and that even if it were, the ALJ's failure to include a superficial interaction limitation is harmless error.

The superficial/occasional distinction has gained purchase in certain courts. In particular, the Southern District of Ohio has endorsed the idea that "limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions – including a limitation to 'superficial' interaction." *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-cv-3820, 2021 WL 3087639, at *4 (S.D. Ohio Jul. 22, 2021) (collecting cases) (emphasis in original); *see also Ashley E.A. v. Kijakazi*, Case No. 22-cv-280 (WMW/TNL), 2023 WL 2283455, at *6 (D. Minn. Jan. 30, 2023) ("Courts have recognized that the terms " 'occasional' and 'superficial' are not coterminous.") (quoting *Eden v. Comm'r of Soc. Sec.*, No. 18-CV-0076-LTS-KEM, 2019 WL 7666532, at *2 (N.D. Ia. Jun. 6, 2019)) (collecting cases). Other District Courts within the Sixth Circuit, as well as outside of it, have followed suit as well. *See Kilgore v. Saul*, No. 1:19-CV-168, 2021 WL 932019, at *7 (E.D. Tenn. Mar. 11, 2021). The last word by the Sixth Circuit on the issue ignores the distinction but does so in an unpublished opinion.[1] *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). A review of the cases suggests that the distinction between "occasional" and "superficial" limitations has legal force and has developed in full over the last few years, even though the Social Security Administration itself has not issued a definitive statement on the matter.[2] Further, an ALJ's adoption of a recommended "occasional" limitation

---

[1] The Southern District of Ohio has rejected the idea that *Reeves* is outcome-determinative on the issue. *See Cooper v. Comm'r of Soc. Sec.*, Case No. 2:18-cv-67, 2018 WL 6287996, at *4 n.2 (S.D. Ohio Dec. 3, 2018).

[2] Bryant argues that the Appeals Council previously issued a "notice" on July 27, 2022, that defined superficial, but cites to an "Exhibit A" that is not attached to any of his filings in support. (ECF No. 11, 10-11.)

while rejecting a recommended "superficial" limitation without adequate reasoning has constituted reversible error in the past. *William H. v. Comm'r of Soc. Sec. Admin.*, Case No. 3:21-cv-00219, 2022 WL 4591304, at *5 (S.D. Ohio Sept. 30, 2022) ("But although the ALJ in this case gave the State agency psychological consultants' opinions only moderate weight, the ALJ's explanation shows that he failed to consider whether Plaintiff did, in fact, require a limitation to superficial social interactions.").

The Commissioner argues that even accepting this distinction, the ALJ's failure to explain the omission of a superficial interaction limitation was harmless error. They argue that "the omission of a limitation to superficial social interaction from the RFC finding was not as significant as Plaintiff portrays it because the jobs identified by the vocational expert that the ALJ found Plaintiff could perform did not require more than superficial social interaction based on the job descriptions and terms defined by the Dictionary of Occupational Titles (DOT)." (ECF No. 16, 7.) The Commissioner notes that the VE described three jobs that Bryant could perform given the RFC the ALJ established, all of which carry a social interaction rating of "8," or the lowest possible level of social functioning. (*Id.*) Thus, "the fact that the jobs found at step five require little, if any, social interaction according to the DOT descriptions renders moot the omission of a superficial interaction limitation in the RFC finding." (*Id.* at 8.)

The Court agrees. It is well established that "no principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Shkabari v. Gonzalez*, 427 F.3d 324, 328 (6th Cir. 2005). This exact situation has been confronted by previous courts. In *Hammons*, for example, two of the three jobs suggested by the VE at step five did "not require more than superficial contact with coworkers and supervisors." *Hammons v. Comm'r of Soc. Sec.*, 2023 WL 2446163, at *5

(E.D. Mich. Jan. 23, 2023). "Thus, even if the ALJ erred by not including a limitation to superficial interaction in the RFC, the error [was] harmless." *Id.* (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157-58 (6th Cir. 2009)). Even the Southern District of Ohio has stated that "numerous other courts have found that occupations with a social interaction level of '8' can be performed even by individuals with a limitation to 'superficial' interactions." *Stephen D. v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-00746, 2022 WL 17842940, at *7 (S.D. Ohio Dec. 22, 2022) (citing *Simpson v. Colvin*, No. 1:13-CV-168 NAB, 2014 WL 5313724, at *21 (E.D. Mo. Oct. 16, 2014); *Cissner v. Berryhill*, Case No. 3:16-cv-00121, 2017 WL 3821461, at *10 (S.D. Ohio Sept. 1, 2017)). Here, the VE suggested representative occupations of "checker for bakery products," "cleaner industrial," and "hand packer," all of which have social interaction codes of 8.[3] (ECF No. 9, 30.) Common sense and case law suggests that any error made by the ALJ in not explaining the lack of a superficial interaction restriction is accounted for by listing representative jobs that only require superficial interaction. This is harmless error. As this is Bryant's only argument for reversible error, his motion must be **DENIED**, and the Commissioner's decision is hereby **AFFIRMED**.

## IV.   CONCLUSION

For the reasons above, the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED** this 3rd day of August, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Checker for Bakery Products people code is listed at DICOT 222.487-010, 1991 WL 672110; Cleaner industrial people code is listed at DICOT 381.687-018, 1991 WL 673258; Hand Packer people code is listed at DICOT 920-587-018, 1991 WL 687916.